**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

January 12, 2026

Thomas A. Uebler, Esquire
Sarah P. Kaboly, Esquire
Terisa A. Shoremount, Esquire
McCollom D'Emilio Smith
   Uebler LLC
2751 Centerville Road, Suite 401
Wilmington, Delaware 19808

Blake Rohrbacher, Esquire
Elizabeth J. Freud, Esquire
Benjamin O. Allen, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

RE:   *T. Gray Utility & Rehab Co., LLC v. Mack Operations, LLC,*
      C.A. No. 2024-1078-LWW

Dear Counsel,

The plaintiffs move for reargument of the dismissal of their fraud claim.[1]
They assert that I misapprehended facts regarding the pre-closing knowledge of a
defendant's officer and overlooked the principle of law imputing that officer's intent
to the defendant. For the reasons explained below, the motion is denied.

## I.    BACKGROUND

On December 22, 2025, I delivered a bench ruling (the "Ruling") dismissing
Count IV of the Verified Amended Complaint, which alleged fraud against

---

[1] Pls.' Mot. for Reargument (Dkt. 38) ("Mot."); *see* Defs.' Opp'n to Pls.' Mot. for
Reargument (Dkt. 40).

defendants Mack Operations, LLC and T. Gray Utility/AIMS, LLC.[2] The claim rested, in part, on the theory that the defendants entered into a Membership Interest Purchase Agreement ("MIPA") with no intention of fulfilling their covenant to use "commercially reasonable efforts" to obtain bonding capacity.[3]

I dismissed this claim for failure to meet Court of Chancery Rule 9(b)'s particularity standard. I held that the plaintiffs failed to plead specific facts supporting a reasonable inference that the defendants did not intend to perform at the time their promise was made.[4] In doing so, I explained that the plaintiffs' theory of fraudulent intent relied on claims in a separate lawsuit (*US INFRA*) where the *defendants* are the alleged victims of accounting fraud.[5] I also observed that the complaint stated the defendants discovered the fraud post-closing, which could not support a claim for fraud in the inducement.[6]

---

[2] Tr. of Telephonic Rulings of Ct. on Defs.' Mot. to Dismiss (Dkt. 39) ("Mot. to Dismiss Ruling").

[3] Verified Compl. (Dkt. 1) ¶¶ 124-25, 131-32.

[4] Mot. to Dismiss Ruling 28-29.

[5] *Id.* at 29; *see US INFRA SVCS Buyer, LLC v. JDB Cap. P'rs, LLC*, C.A. No. 2024-0097-LWW.

[6] Mot. to Dismiss Ruling 29-30.

On December 29, 2025, the plaintiffs filed their motion for reargument of the dismissal of the fraud claim against Mack (the "Motion").[7] They argue that I misapprehended the fact that Mihaletos, who they characterize as the "mastermind" of the alleged accounting fraud in *US INFRA*, signed the MIPA on Mack's behalf.[8] They also posit that under Delaware agency law, Mihaletos's knowledge is imputed to Mack, curing any lack of scienter for their fraud claim.[9]

## II. ANALYSIS

A motion for reargument under Court of Chancery Rule 59(f) will be denied unless the court has "overlooked a decision or principle of law that would have a controlling effect or . . . misapprehended the law or the facts so that the outcome of the decision would be affected."[10] The movant bears a "heavy burden."[11] A Rule 59(f) motion is not a vehicle to rehash arguments already made or to present new arguments that could have been raised before.[12]

---

[7] Dkt. 38.

[8] Mot. ¶ 4.

[9] *Id.* ¶ 7.

[10] *Stein v. Orloff*, 1985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985).

[11] *In re ML/EQ Real Est. P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000).

[12] *See Oliver v. Bos. Univ.*, 2006 WL 4782232, at *1-2 (Del. Ch. Dec. 8, 2006); *see also ML/EQ Real Est.*, 2000 WL 364188, at *1 ("Such motions are not a mechanism for litigants to relitigate claims already considered by the court.").

The plaintiffs have not identified any material fact or legal principle that I overlooked or misapprehended. Rather, the Motion attempts to relitigate the sufficiency of the pleadings as to scienter—an issue fully briefed and argued on the motion to dismiss. It identifies no valid grounds for reargument.

First, the plaintiffs' argument about imputation is not new. The plaintiffs previously argued that Mihaletos's knowledge should be imputed to Mack because he signed the MIPA.[13] I considered those arguments and related allegations in the complaint and found them insufficient to support a viable claim for promissory fraud.[14]

Second, the Motion fails because the imputation of Mihaletos's knowledge would not cure the defect identified in the Ruling. I held that the plaintiffs failed to plead particularized facts showing the defendants had no intention of performing the contractual promise at issue—the use of commercially reasonable efforts to obtain bonding—when the MIPA was signed.

The plaintiffs insist that because Mihaletos purportedly knew of accounting irregularities (in the *US INFRA* context), Mack knew it was impossible to obtain bonding and thus never intended to perform the bonding covenant in the MIPA. I

---

[13] Pl.'s Answering Br. in Opp'n to Defs.' Mot. to Dismiss (Dkt. 22) 45-46.

[14] Mot. to Dismiss Ruling 29-30.

rejected this strained inferential chain as a "logical leap . . . unsupported by particularized facts."[15]  I declined to draw the unreasonable inference that because the defendants were victims of fraud in that separate matter, they must have possessed fraudulent intent in this transaction.

Imputing Mihaletos's knowledge to Mack does not bridge that gap.  Nor does historical knowledge of accounting problems equate to a present intent to breach a future efforts covenant.  As I noted in the Ruling, the plaintiffs failed to plead facts showing that the defendants knew, as of October 2021, that the accounting issues would render performance impossible.[16]

None of the authorities cited by the plaintiffs warrant a different outcome. They involve scenarios where corporate officers knew about the specific falsity of the representation at issue.[17]  Here, the defect is not whether Mack knew what Mihaletos knew, but whether what Mihaletos knew supports an inference of promissory fraud regarding the bonding covenant.  I concluded that such knowledge

---

[15] Mot. to Dismiss Ruling 29.

[16] *Id.*

[17] *See EMSI Acq., Inc. v. Contrarian Funds, LLC*, 2017 WL 1732369, at *13-14 (Del. Ch. May 3, 2017); *Great Hill Equity P'rs IV, LP v. SIG Growth Equity Fund I, LLP*, 2014 WL 6703980, at *21 (Del. Ch. Nov. 26, 2014); *NetApp, Inc. v. Cinelli*, 2023 WL 4925910, at *12 (Del. Ch. Aug. 2, 2023).

did not reasonably support the necessary inference. The plaintiffs' disagreement with that conclusion is not grounds for reargument.

## III. CONCLUSION

The plaintiffs have not met their burden under Rule 59(f). The Motion is denied. IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor